IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GEORGE YARID,**

    **Plaintiff,**

v.                                                        **Civil Action No. 3:15cv326**

**SHON BRENNON,**

    **Defendant.**

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff George Yarid's Motion for Leave to Proceed *in Forma Pauperis*. (ECF No. 1.) Upon due consideration of Yarid's affidavit in support of his request and 28 U.S.C. § 1915(a)(1),[1] the Court will grant the Motion and allow Yarid to proceed in this case without payment of the Court's filing fee. The Court will direct the Clerk to file the Complaint. (ECF No. 1-1.)

---

[1] The statute reads, in pertinent part:

(a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1) (2015).

A.  **Preliminary Review**

This matter is also before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2) ("Section 1915(e)(2)").[2] Section 1915(e)(2) "'is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit.'" *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The Court must *sua sponte* dismiss a claim filed *in forma pauperis* under Section 1915(e)(2) if the action is frivolous or malicious or fails to state a claim upon which relief may be granted. *Michau v. Charleston Cnty, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); 28 U.S.C. § 1915(e)(2)(B). Although the word "prisoner" is occasionally used throughout 28 U.S.C. § 1915, the court must screen any complaint filed by a plaintiff, whether a prisoner or not, when he or she files *in forma pauperis*. *See Michau*, 434 F.3d at 728 (affirming the district court's dismissal of non-prisoner's complaint, filed *in forma pauperis*, pursuant to Section 1915(e)(2) because the section "governs [*in forma pauperis*] filings in addition to complaints filed by prisoners").

---

[2] The statute reads, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal--

        (i) is frivolous or malicious;

        (ii) fails to state a claim on which relief may be granted; or

        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (2015).

For the reasons discussed below, the Court finds that the Complaint fails to state a claim upon which relief may be granted. The Court will dismiss Yarid's Complaint without prejudice.

### B. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plaintiff must assert not just speculative or conceivable facts, but facts that state a plausible claim on the face of a complaint. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts

sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

District courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). However, a *pro se* plaintiff must nevertheless allege a cause of action. *Id.* (citing *Sado v. Leland Mem'l Hosp.*, 933 F. Supp. 490, 493 (D. Md. 1996). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims" that the litigant failed to raise on the face of the complaint. *Newkirk v. Circuit Court of the City of Hampton*, No. 3:14cv372-HEH, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

C. **Factual Allegations**

Yarid filed a one-paragraph, hand-written complaint. (ECF No. 1-1.) He names Shon Brennon as the defendant. (*Id.* at 1.) Yarid seeks a "court restraint [against Brennon] to stop and cease making copies of [his] intellectual property on different internet sites." (*Id.*) He also asks the Court to "extradite" Brennon for the case. (*Id.*) Yarid states such relief is needed "for [his] intellectual property to be secure without property being stolen." (*Id.*)

D. **Analysis**

Yarid's complaint contains deficiencies well beyond any plausibility analysis this Court must undertake. Yarid alleges no violations of any specific statutory, common, or constitutional law. Further, the Complaint contains no plausible facts from which the Court could discern such a claim. Therefore, his Complaint fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted). Therefore,

4

even construing this *pro se* complaint liberally, Yarid has failed to state a claim upon which relief can be granted against Brennon.[3]

### D. Conclusion

For the foregoing reasons, the Court grants Yarid leave to proceed *in forma pauperis*, directs the Clerk to file the Complaint, and dismisses the Complaint without prejudice. (ECF Nos. 1, 1-1.) The Court grants Yarid leave to file an amended complaint. Should Yarid desire to file an amended complaint, the Court orders him to do so within fourteen (14) days of the date of entry hereof. Failure to comply strictly with the requirements ordered by the Court will result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

An appropriate Order will follow.

/s/ M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: June 10, 2015

---

[3] It appears that Yarid has filed similar suits in this Court, all of which were dismissed for failure to state a claim upon which relief can be granted pursuant to Section 1915(e)(2). *See Yarid v. Harman* et al., No. 3:14cv112-HEH (E.D. Va. Mar. 27, 2014) (order dismissing case); *Yarid v. Harman* et al., No. 3:12cv237-JRS (E.D. Va. Oct. 9, 2012) (same); *Yarid v. Gibson* et al., No. 3:10cv143-JRS (E.D. Va. Apr. 2, 2010) (same). Yarid's 2014 case included Brennon as a defendant.