IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GEORGE YARID,**

    **Plaintiff,**

v.                                                              **Civil Action No. 3:15cv326**

**SHON BRENNON,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court pursuant to the Court's Memorandum Opinion and Order entered June 10, 2015. (ECF Nos. 2–3.) After granting Yarid leave to proceed in forma pauperis, the Court found that Yarid failed to state a claim upon which relief may be granted and dismissed his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2).[1] The Court granted Yarid an opportunity to file an amended complaint, provided he did so within fourteen (14) days of the entry of the Memorandum Opinion and Order. The Court warned Yarid that failure to comply with the Court's directives would result in dismissal of this action.

---

[1] The statute reads, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that: **(A)** the allegation of poverty is untrue; or **(B)** the action or appeal **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Yarid has not complied with the instructions of this Court. Yarid has not filed an amended complaint, and the time to do so has expired. Such inaction demonstrates a willful failure to prosecute. *See* Fed. R. Civ. P. 41(b).[2] Accordingly, the Court will dismiss this action.

An appropriate Order will follow.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 6-29-15

---

[2] The rule states, in pertinent part:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

2