IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GEORGE YARID,**

    **Plaintiff,**

v.                                                   **Civil Action No. 3:15cv326**

**SHON BRENNON,**

    **Defendant.**

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff George Yarid's Motion for Reconsideration. (ECF No. 7.) Yarid moves the Court to reconsider its June 29, 2015 Memorandum Opinion and Order dismissing his action for failure to comply with the Court's previous order granting him leave to file an amended complaint by June 24, 2015. The Court will construe Yarid's Motion for Reconsideration as a Motion to Alter or Amend a Judgment pursuant to Federal Rule of Civil Procedure 59(e).[1] For the reasons that follow, the Court grants Yarid's Motion.

### I. Procedural History

On June 10, 2015, the Court granted Yarid leave to proceed in forma pauperis; found that Yarid failed to state a claim upon which relief may be granted; and, dismissed his complaint

---

[1] That rule states: "**(e) Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

without prejudice pursuant to 28 U.S.C. § 1915(e)(2).[2] (*See* ECF Nos. 2, 3.) The Court granted Yarid an opportunity to file an amended complaint, provided he did so within fourteen (14) days of the entry of the Memorandum Opinion and Order. (June 10, 2015 O. 1, ECF No. 3.) The Court warned Yarid that failure to comply with the Court's directives would result in dismissal of this action. (*Id.*) On June 29, 2015, after Yarid failed to file an amended complaint within the constraints of the June 10, 2015 Memorandum Opinion and Order, the Court dismissed Yarid's action without prejudice pursuant to Fed. R. Civ. P. 41(b).[3] (*See* ECF Nos. 5, 6.)

On July 1, 2015, Yarid filed his handwritten, one-page Motion. (Mot. Reconsideration 1, ECF No. 7.) Yarid's Motion essentially asks the Court to reconsider its dismissal of his action for his failure to file a complaint within the time constraints as ordered by the Court in its June 10, 2015 Memorandum Opinion and Order. (Mot. Reconsideration 1.) In support of his request, he states that "he did not receive the ruling until the 13th day of the 14 days to cite case

---

[2] The statute reads, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that: **(A)** the allegation of poverty is untrue; or **(B)** the action or appeal **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

[3] The rule states, in pertinent part:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

2

law or perhaps obtain legal counsel." (*Id.*) He requests that the Court "give [him] more time for preparation to prove [his] case." (*Id.*)

## II. Standard of Review: Federal Rule of Civil Procedure 59(e)

The Court treats Yarid's Motion for Reconsideration as a Motion to Alter or Amend a Judgment pursuant to Federal Rule of Civil Procedure 59(e), because he filed his motion on July 1, 2015, two days after the Court's June 29, 2015 Memorandum Opinion and Order. Fed. R. Civ. P. 59(e).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Wright et al., Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)). Rule 59(e) itself provides no standard by which a district court may grant a motion to alter or amend a judgment, but "courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Such motions may not be used, however, "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Moreover, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion." *Wadley v. Park at Landmark, LP*, No. 1:06cv777, 2007 WL 1071960, at *2 (E.D. Va. Mar. 30, 2007). Indeed, Rule 59(e) does not "give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) (stating that plaintiff's brief in support of his motion to alter or amend the judgment was "no more than an

expression of a view of the law contrary to that set forth in the Court's opinion," and thus the court had no proper basis to alter or amend its previous order).

### III. Analysis

Although alteration of this Court's judgment would be an "extraordinary remedy," *Pac. Ins. Co.*, 148 F.3d at 403, the Court finds that these circumstances warrant vacating its prior order and granting Yarid leave to file an amended complaint. Yarid's Motion does not speak to the Rule 59(e) standard. Yarid cites no change in the intervening law requiring accommodation; he raises no new evidence or any clear errors of law. However, construing Yarid's *pro se* Motion liberally, he appears to argue that manifest injustice exists due to his lack of timely notice of the opportunity to file an amended complaint. *See Hutchinson*, 994 F.2d at 1081. Yarid's Motion argues that "he did not receive the ruling until the 13th day of the 14 days to cite case law or perhaps obtain legal counsel. (Mot. Reconsideration 1.)

Because Yarid proceeds *pro se*; because he filed his Motion only two days following the June 29 decision dismissing his case; and, because the Court originally dismissed this case without prejudice, the Court will grant Yarid's Motion for Reconsideration. Yarid will have one more opportunity to file an amended complaint.

The Court notes that it will not consider any document or contact with this Court beyond a formal motion or pleading filed in accordance with the Court's orders, the appropriate Federal Rules of Civil Procedure, and the Local Civil Rules of the Eastern District of Virginia.[4] Any further requests for extensions of time will be looked upon with disfavor. E.D. Va. Loc. Civ. R. 7(I).

---

[4] Although Yarid's *pro se* status makes him "entitled to some deference," it does not relieve him of his duty to abide by the rules and orders of this Court. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989.)

4

## IV. Conclusion

Accordingly, the Court will grant Yarid's Motion (ECF No. 7) and vacate the June 29, 2015 Memorandum Order and Opinion (ECF Nos. 5, 6). The Court reopens this case. The Court grants Yarid leave to file an amended complaint. Should Yarid desire to file an amended complaint, the Court orders him to do so within fourteen (14) days of the date of entry hereof. Failure to comply strictly with the requirements ordered by the Court will result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

An appropriate Order will follow.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: July 10, 2015