IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GEORGE YARID,

      **Plaintiff,**

v.                                                      Civil Action No. 3:15cv326

SHON BRENNON,

      **Defendant.**

## FINAL MEMORANDUM ORDER

This matter comes before the Court pursuant to the Court's Memorandum Opinion and Order entered July 10, 2015 (ECF Nos. 8–9) and Yarid's "Motion for Case to Proceed" (ECF No. 7). For the reasons that follow, the Court denies Yarid's Motion for Case to Proceed (ECF No. 7) and dismisses this action without prejudice.

On June 10, 2015, after granting Yarid leave to proceed in forma pauperis, the Court found that Yarid failed to state a claim upon which relief may be granted and dismissed his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2).[1] (ECF Nos. 2–3.) The Court granted Yarid an opportunity to file an amended complaint, provided he did so within fourteen (14) days of the entry of the June 10, 2015 Memorandum Opinion and Order. The Court warned Yarid that failure to comply with the Court's directives would result in dismissal of this action.

---

[1] The statute reads, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that: **(A)** the allegation of poverty is untrue; or **(B)** the action or appeal **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Yarid failed to file an amended complaint as ordered, and on June 29, 2015, the Court entered a memorandum opinion and final order dismissing this action without prejudice for Yarid's failure to follow the Court's June 10, 2015 Memorandum Opinion and Order. (ECF Nos. 5–6.) On July 1, 2015, Yarid filed a Motion for Reconsideration, asking the Court to extend the deadline to file an appropriate pleading. (ECF No. 7.) On July 10, 2015, the Court granted Yarid's Motion, vacating its June 29, 2015 Memorandum Opinion and Order and granting Yarid an additional fourteen (14) days to file an amended complaint. (ECF Nos. 8–9.) The Court again warned Yarid that failure to comply with the Court's directives would result in dismissal of this action.

Yarid has not filed an amended complaint, and the time to do so has expired. On July 27, 2015, after the expiration of the deadline, Yarid filed a "Motion for Case to Proceed," asking the Court to "proceed with Case 3:15-cv-00326." (Mot. Proceed 1, ECF No. 10.) Yarid argues that he has not obtained legal counsel or had the opportunity to cite case law. (*Id.*) Yarid's Motion fails to "state with particularity" the grounds for the Motion. E.D. Va. Loc. Civ. R. 7(A).[2] Accordingly, the Court DENIES Yarid's Motion for Case to Proceed. (ECF No. 10.)

To the extent that Yarid's Motion could be construed as an amended complaint, it fails to comply with the Court's July 10, 2015 Memorandum Opinion and Order. (ECF Nos. 8–9.) Accordingly, because Yarid failed to follow the Court's July 10, 2015 Memorandum Opinion

---

[2] Yarid's Motion further fails because a supporting memorandum did not accompany it as required by the Local Civil Rule 7(F)(1) of the United States District Court for the Eastern District of Virginia, which states, in pertinent part:

> (1) All motions, unless otherwise directed by the Court and [other exceptions not relevant here], shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies.

E.D. Va. Loc. Civ. R. 7(F)(1).

and Order, the Court DISMISSES this action WITHOUT PREJUDICE. *See* Fed. R. Civ. P. 41(b).[3]

Should Plaintiff desire to appeal, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof. Failure to file an appeal within that period may result in the loss of the right to appeal.

The Clerk is DIRECTED to send a copy of this Final Memorandum Opinion to Yarid and any counsel of record. The Clerk is further DIRECTED to close Civil Action No. 3:15cv326.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 8-4-15

---

[3] The rule states, in pertinent part:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

3