IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GEORGE YARID,**

        **Plaintiff,**

v.                                                                    **Civil Action No. 3:15cv326**

**SHON BRENNAN,**

        **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff George Yarid's Motion for Reconsideration. (ECF No. 14.) Yarid moves the Court to reconsider its August 4, 2015 Memorandum Order dismissing his action for failure to comply with the Court's July 10, 2015 Order granting him leave to file an amended complaint by July 24, 2015. The Court will construe Yarid's Motion for Reconsideration as a Motion to Alter or Amend a Judgment pursuant to Federal Rule of Civil Procedure 59(e).[1] For the reasons that follow, the Court denies Yarid's Motion.

### I. Procedural History

On June 10, 2015, the Court granted Yarid leave to proceed in forma pauperis; found that Yarid failed to state a claim upon which relief may be granted; and, dismissed his complaint

---

[1] That rule states: "**(e) Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

without prejudice pursuant to 28 U.S.C. § 1915(e)(2).[2] (*See* ECF Nos. 2, 3.) The Court granted Yarid an opportunity to file an amended complaint, provided he did so within 14 days of the entry of the Memorandum Opinion and Order. (June 10, 2015 O. 1, ECF No. 3.) The Court warned Yarid that failure to comply with the Court's directives would result in dismissal of this action. (*Id.*) On June 29, 2015, after Yarid failed to file an amended complaint within the constraints of the June 10, 2015 Memorandum Opinion and Order, the Court dismissed Yarid's action without prejudice pursuant to Fed. R. Civ. P. 41(b).[3] (*See* ECF Nos. 5, 6.)

After Yarid filed a Motion to Reconsider (ECF No. 7), the Court found that the circumstances warranted one additional opportunity for Yarid to attempt to cure his errors. (July 10, 2015 Mem. O., ECF No. 8.) The Court granted Yarid 14 more days to file an amended complaint that complied with the Federal Rules of Civil Procedure, the Local Civil Rules of the Eastern District of Virginia, and the Court's orders. (*Id.* at 4.) The Court warned Yarid that "[a]ny further requests for extensions of time will be looked upon with disfavor." (*Id.* (citing

---

[2] The statute reads, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that: **(A)** the allegation of poverty is untrue; or **(B)** the action or appeal **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

[3] The rule states, in pertinent part:

**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

E.D. Va. Loc. Civ. R. 7(I)).) Seventeen days following the Court's Order, Yarid filed a "Motion for Case to Proceed." (ECF No. 10.) The Court found that Yarid again failed to comply with the Local Civil Rules for the United States District Court for the Eastern District of Virginia, and denied the Motion. (Aug. 4, 2015 Mem. O. 2, ECF No. 11.) To the extent the Motion could have been construed as an amended complaint, the Court found that the filing failed to comply with the Court's July 10, 2015 Memorandum Opinion and Order. (*Id.*) Therefore, the Court dismissed the action without prejudice. (*Id.*)

## II. Standard of Review: Federal Rule of Civil Procedure 59(e)

The Court treats Yarid's Motion for Reconsideration as a Motion to Alter or Amend a Judgment pursuant to Federal Rule of Civil Procedure 59(e), because he filed his motion on August 18, 2015, within 28 days of the Court's August 4, 2015 Final Memorandum Order. Fed. R. Civ. P. 59(e).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Wright et al., Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)). Rule 59(e) itself provides no standard by which a district court may grant a motion to alter or amend a judgment, but "courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Such motions may not be used, however, "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403.

3

Moreover, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion . . . ." *Smith v. Donahoe*, 917 F. Supp. 2d 562, 572 (E.D. Va. 2013) (citing *Pac. Ins. Co.*, 148 F.3d at 403). Indeed, Rule 59(e) does not "give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) (stating that plaintiff's brief in support of his motion to alter or amend the judgment was "no more than an expression of a view of the law contrary to that set forth in the Court's opinion," and thus the court had no proper basis to alter or amend its previous order).

### III. Analysis

The Court sees no basis to vacate its prior order or to grant Yarid another opportunity to file an amended complaint. Alteration of this Court's judgment would be an "extraordinary remedy" not warranted here. *Pac. Ins. Co.*, 148 F.3d at 403. Yarid's Motion, like his last Motion for Reconsideration, does not speak to the Rule 59(e) standard. First, Yarid cites no change in the intervening law requiring accommodation. Second, he raises no new evidence or any clear errors of law. Third, Yarid fails to argue that any manifest injustice exists. *See Hutchinson*, 994 F.2d at 1081.

At most, Yarid's Motion for Reconsideration reiterates the argument in his last Motion for Reconsideration that "the original document didn't come in the mail until the 13th of the 14 days given." (Mot. Reconsideration 1.) The Court has already heard this argument and provided Yarid with a second opportunity to cure his errors. Yarid failed to do so. Although Yarid's *pro se* status makes him "entitled to some deference," it does not relieve him of his duty to abide by the rules and orders of this Court. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). The Court has now granted Yarid two chances to file an appropriate complaint beyond his first attempt (ECF Nos. 2–3, 8–9), but Yarid consistently fails to comply with the Court's orders.

Yarid's Motion for Reconsideration does not satisfy any of the *Hutchinson* factors. 994 F.2d at 1081. Accordingly, the Court denies Yarid's Motion for Reconsideration.

### IV. Conclusion

For the foregoing reasons, the Court denies Yarid's Motion for Reconsideration. (ECF No. 14.)

An appropriate Order will follow.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 9-3-15